# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

August 18, 2017

*Via ECF*
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
      *Zhou v. Golden Leaf Sky, Inc. et al. NYED 17-cv-00643*

Dear Judge Gold:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

**I.      Background**

Plaintiff Lianhe Zhou is a former cook employed by Defendants GOLDEN LEAF SKY, INC. d/b/a Spring Fish Village; RUN FENG CORP. d/b/a Spring Fish Village; Ruiyang Liu; and Junwei Jiao, (collectively, "Defendants"),

This lawsuit was originally filed on February 03, 2017, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages equal to the sum of unpaid minimum wages and unpaid overtime wages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists each employee's hours along with the employee's name, employer's name, employer's address

and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, and unpaid overtime wages in the amount of twenty-five percent under NYLL §§ 190 *et seq.*, 650 *et seq.* and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) nine percent simple prejudgment interest, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty Five Thousand Dollars ($25,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claims that he worked between seventy-two hours (72) and ninety-one hours (91) each workweek, and Plaintiff further claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff Lianhe Zhou claimed that he worked for about seventy two (72) hours on average each week from May 29, 2016 to October 31, 2016; for about ninety one (91) hours from November 1, 2016 to November 7, 2016; and for about seventy eight (78) hours from November 8, 2016 to November 23, 2016; Plaintiff Lianhe Zhou claimed that he was paid three thousand and six hundred dollars ($3,600) per month from May 29, 2016 to October 31, 2016; and four thousand dollars ($4,000) per month from November 1, 2016 to November 23, 2016.

Plaintiff Lianhe Zhou's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Twenty Six Thousand Two Hundred Sixty Four Dollars and Eighteen Cents ($26,264.18) and his minimum wage, overtime compensation and spread-of-hour shortfall was Twenty Six Thousand Two Hundred Sixty Four Dollars and Eighteen Cents ($26,264.18) under the NYLL. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and in New York pre-judgment interest, for Two Thousand and One Hundred and Ninety Four Dollars and Ninety Three Cents ($2,194.93). The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixty Four Thousand Seven Hundred Twenty Three Dollars and Twenty Nine Cents ($64,723.29).

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty Five Thousand Dollars ($25,000.00) inclusive of attorney fees of the Plaintiff's counsel (see Exhibit 2).

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no

willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III.     The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiffs with a settlement in the amount of Twenty Five Thousand Dollars ($25,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, were documented to the amount of One Thousand and Nine Dollars and Ninety Five Cent ($1,009.95). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty Three Thousand and Nine Hundred Ninety Dollars and Five Cents ($23,990.05).

Of the Net Settlement Amount, One Third (1/3), or Seven Thousand Nine Hundred and Ninety Six Dollars and Sixty Eight Cents ($7,996.68), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand and Nine Dollars and Ninety Five Cent ($1,009.95) for a total of Nine Thousand and Six Dollars and Sixty Three Cents ($9,006.63). Of the Net Settlement Amount, Two Thirds (2/3), or Fifteen Thousand and Nine Hundred and Ninety Three Dollars and Thirty Seven Cents ($15,993.37) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses. (See Exhibit 3 Invoices of Troy Law, PLLC).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **LAW OFFICE OF Z. TAN PLLC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| /s/ John Troy | /s/ Bingchen Li |
| John Troy, Esq. | Bingchen Li, Esq. |
| 41-25 Kissena Blvd., Suite 119 | 110 E. 59th Street, Suite 3200 |
| Flushing, NY 11355 | New York, NY 10022 |
| Tel.: 718 762 1324 | Tel: (212) 593-6188 |